[Docket No. 17]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HOLTEC INTERNATIONAL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PANDJIRIS, INC., et al., <br><br> Defendants. | Civil No. 17-666 (RMB/JS) <br><br> **OPINION** |

APPEARANCES:

Matthew Benjamin Weisberg, Esq.
Weisberg Law
7 South Morton Avenue
Morton, PA 19070
   *Attorney for Plaintiffs Holtec International and*
   *Holtec Manufacturing Division, Inc.*

Louis Smith, Esq.
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
P.O. Box 677
Florham Park, NJ 07932
   *Attorney for Defendant Pandjiris, Inc.*

Thomas K. Richards, Esq.
Leader & Berkon LLP
630 Third Avenue
New York, NY 10017
   *Attorney for Defendant Arc Machines, Inc.*

**BUMB**, UNITED STATES DISTRICT JUDGE:

   This matter comes before the Court upon its Order to Show

Cause as to why this matter should not be transferred to the

1

United States District Court for the Western District of Pennsylvania [Docket No. 17].

On January 20, 2017, Plaintiffs Holtec International and Holtec Manufacturing Division, Inc. ("Plaintiffs" or "Holtec") filed the instant action against Defendants Pandjiris, Inc. ("Pandjiris") and Arc Machines, Inc. ("AMI" and, together with Pandjiris, the "Defendants") [Docket No. 1]. Subsequently, Defendants submitted pre-motion letters, in accordance with this Court's Individual Rules and Procedures, in which Defendants set forth their intentions to file motions to dismiss on the basis of lack of personal jurisdiction, improper venue, and an arbitration clause [Docket Nos. 14, 15]. In light of Plaintiffs' allegations and Defendants' representations in their respective letters to the Court, on March 20, 2017, the Court gave the parties notice and issued an Order to Show Cause, directing the parties to address, <u>inter alia</u>, whether this action should be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) [Docket No. 17]. The Court has reviewed the parties' responses to the Order to Show Cause and notes that Defendants do not oppose transfer to the Western District of Pennsylvania [Docket Nos. 19, 20]. Plaintiffs' submission is not responsive to the question of transfer [Docket No. 18]. For the reasons set forth herein, the Court will transfer this action.

2

## I. BACKGROUND

Plaintiffs Holtec International and Holtec Manufacturing Division, Inc., New Jersey and Pennsylvania citizens respectively, brought this action against Defendant Pandjiris, a Missouri citizen, and Defendant AMI, a California citizen, setting forth three counts: "Breach of Contract/Quasi-Contact/Unjust Enrichment/Promissory Estoppel" (Count I); Third-Party Beneficiary (Count II); and "U.C.C." (Count III).

Around June 2012, Plaintiffs purchased two welding manipulators from Pandjiris for approximately $709,260.00, which were to be installed at Holtec's manufacturing facility in Turtle Creek, Pennsylvania. Compl. ¶ 8 [Docket No. 1]. The terms of the purchase included a warranty that the manipulators would be free from defects for a period of 12 months or 2,000 hours of operation. Compl. ¶ 10. Thereafter, Pandjiris ordered the equipment through a subcontractor, AMI. Compl. ¶ 11.

Around January 2013, Pandjiris shipped the manipulators to Holtec's Turtle Creek facility, where they were installed. Plaintiffs allege that Defendants supervised "the installation and provided technical assistance." Compl. ¶ 12. According to the Complaint, "Holtec experienced continuous problems with the welding manipulators causing months of delays – and severe financial cost to Holtec." Compl. ¶ 13. Plaintiffs claim that Defendants were unable to properly identify or fix the problems

3

with the equipment. Compl. ¶ 16. The Complaint alleges that AMI sent Holtec a price quote for the repairs "because AMI contended the damage was no longer under warranty" and that Holtec then demanded a refund on the purchase price of the manipulators. Compl. ¶¶ 18-19. After failed discussions with Defendants, Plaintiffs filed the instant action seeking to recover for damages allegedly caused by Defendants' failure to refund and/or repair the manipulators, "including the purchase price of about $709,260.00 for the manipulators which *never* operated properly, approximately $120,000 in labor expenses, loss of production, and about $780,000 to replace the faulty equipment." Compl. ¶ 24 (emphasis in original).

## II.    LEGAL ANALYSIS

Section 1404(a) of Title 28 of the United States Code provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The parties do not appear to genuinely dispute that this action could have been filed in the Western District of Pennsylvania, where the operative facts underlying the claims occurred, where the equipment in question is located, where the contracts at issue were performed, and where Plaintiffs have a manufacturing facility.

"If the proposed alternative forum is appropriate," as it is here, "it is then within the Court's discretion to transfer the action." Taylor v. Global Credit & Collection Corp., 2010 WL 2521758, at *1 (D.N.J. June 14, 2010) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995)). Indeed, "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). "A determination that transfer to another jurisdiction is appropriate represents an 'exercise . . . of structured discretion by trial judges appraising the practical inconveniences posed to the litigants and the court should a particular action be litigated in one forum rather than another.'" Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 450 (D.N.J. 1999) (quoting Ricoh Co. v. Honeywell, Inc., 817 F. Supp. 473, 479 (D.N.J. 1993) (quoting Liny v. E.I. Du Pont de Nemours & Co., 886 F.2d 628, 632 (3d Cir. 1989))). Thus, the district court "is vested with a large discretion" to determine when transfer should be ordered "for the convenience of parties and witnesses, in the interest of justice," pursuant to Section 1404(a). Solomon v. Continental Am. Life Ins. Co., 472 F.2d 1043, 1045 (3d Cir. 1973).

In deciding whether to transfer an action under Section 1404(a), courts in the Third Circuit consider both private and public interests, as delineated in <u>Jumara v. State Farm Insurance</u>, 55 F.3d 873, 880 (3d Cir. 1995). The private interest factors include:

> 1) the plaintiff's forum preference; 2) the defendant's forum preference; 3) where the claim arose; 4) the convenience of the parties as indicated by their relative physical and financial condition; 5) the convenience of the witnesses, but only to the extent they may be unavailable for trial in one of the fora; and 6) the location of books and records (similarly to the extent that they could not be produced in the alternative forum).

<u>Id.</u> at 879 (internal citations omitted).

Additionally, the relevant public interest factors include:

> 1) the enforceability of the judgment; 2) practical considerations that could make the trial easy, expeditious, or inexpensive; 3) the relative administrative difficulty in the two fora resulting from court congestion; 4) the local interest in deciding local controversies at home; 5) the public policies of the fora; and 6) the familiarity of the trial judge with the applicable state law in diversity cases.

<u>Id.</u> at 879-80. The Court addresses these factors below.

### A. **Private Interest Factors**

With regard to the private interest factors, it is clear that Plaintiffs prefer New Jersey. Defendants, on the other hand, do not oppose transfer to Pennsylvania. Defendants do, however, vehemently oppose Plaintiffs' selected forum and argue that this Court does not have personal jurisdiction over them.

Generally, a plaintiff's choice of forum is "a paramount consideration" to transfer determinations, Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970), and "should not be lightly disturbed." Jumara, 55 F.3d at 879. Here, however, Plaintiffs' choice of forum warrants less deference because most, if not all, of the operative facts occurred in Pennsylvania, not in New Jersey, as discussed below. See, e.g., Goldstein v. MGM Grand Hotel & Casino, 2015 WL 9918414, at *2 (D.N.J. Nov. 5, 2015) ("the plaintiff's choice of forum is discounted significantly where 'the case has little connection with the chosen forum,' and the nucleus of operative facts occurred elsewhere.") (quoting Job Haines Home for the Aged v. Young, 936 F. Supp. 223, 227-28 (D.N.J. 1996)); Newcomb v. Daniels, Saltz, Mongeluzzi & Barrett, Ltd., 847 F. Supp. 1244, 1246 (D.N.J. 1994) ("courts assign the plaintiff's choice of forum significant weight unless the case has little connection with the chosen forum.") (citing Shutte, 431 F.2d at 25); Am. Tel. & Tel. Co. v. MCI Commc'ns Corp., 736 F. Supp. 1294, 1306 (D.N.J. 1990) ("Where the operative facts of a lawsuit occur outside the forum selected by the plaintiff, that choice is entitled to less deference.") (internal citations omitted).

The parties do not dispute that Plaintiffs' claims arose in Pennsylvania. Indeed, Plaintiffs' Complaint alleges that Plaintiff Holtec Manufacturing Division, Inc. is a Pennsylvania

7

corporation with its principal place of business in Turtle Creek, Pennsylvania, located near Pittsburgh, Pennsylvania. Compl. ¶ 2. The Complaint also states that the operative facts giving rise to Plaintiffs' claims occurred in Turtle Creek, Pennsylvania. For example, the manipulators subject to the parties' contract were shipped to and installed by Defendants in Holtec's facility in Turtle Creek. Compl. ¶¶ 9, 12. The various service repair trips also took place at Holtec's Turtle Creek facility in Pennsylvania. Compl. ¶¶ 15-20.

Moreover, Plaintiffs do not genuinely dispute that their claims arose in Pennsylvania, not New Jersey. Rather, Plaintiffs sole basis for jurisdiction in this District is a tortured and, in this Court's view, incorrect interpretation of the forum selection clause in Holtec's Terms and Conditions. See Pls. Pre-Motion Letter [Docket No. 16]; Pls. OSC Resp. [Docket No. 18]; Holtec Terms and Conditions ¶ 38 [Docket No. 1-3].[1] The Court has reviewed the Complaint, the parties'

---

[1] Paragraph 38 of Holtec's Terms and Conditions states:

APPLICABLE LAW: The AGREEMENT shall be governed by, and construed and enforced in accordance with, the laws of the State of New Jersey. Any legal claim, suit, proceeding, or action **brought against the BUYER** [defined by the Terms and Conditions as "HOLTEC INTERNATIONAL"] arising out of, connected with, or related to this AGREEMENT shall be brought in the Superior Court of New Jersey, Burlington County Vicinage, or in the United States District Court for the District of New Jersey (if the action is brought in federal court), which courts

8

submissions, and the relevant documents in the record, including Holtec's Terms and Conditions, and finds that this factor--where the events and claims occurred--weighs strongly in favor of transfer.

The convenience of the parties is neutral. Defendants may have to travel substantial distances regardless of whether this case remains in this District or is transferred to the Western District of Pennsylvania, as Pandjiris is a Missouri corporation with its principal place of business in Missouri and AMI is a California corporation with its principal place of business in California. Compl. ¶¶ 3-4. Significantly, transfer to the Western District of Pennsylvania should not inconvenience Plaintiffs as Plaintiff Holtec Manufacturing Division, Inc. is a Pennsylvania corporation with its principal place of business in Turtle Creek, Pennsylvania. Compl. ¶ 2. Accordingly, the Court finds that the two Districts are equally convenient for the parties.

---

are intended to be the exclusive forums for the resolution of **any such action against BUYER**. Both parties consent to the personal jurisdiction of the courts of the State of New Jersey and agree to waive the right to trial by jury.

Compl. Ex. B ¶ 38 [Docket No. 1-3] (emphasis added). Plaintiffs urge the Court to read the first and third sentences of this clause in isolation and without reference to the remainder of the clause which clearly limits the provision to actions brought against Holtec, not actions, such as this one, initiated by Holtec. The Court will not do so.

9

The parties have not identified any witnesses that would be unavailable for trial in either New Jersey or Pennsylvania. Additionally, the parties have not identified any books and records that would be relevant to the prosecution of this action and they have not argued that any such document would be unavailable in either District. The Court notes, however, that the equipment which is the subject of the parties' dispute is located at Holtec's Turtle Creek facility in Pennsylvania. As a result, this factor weighs in favor of transfer to Pennsylvania.

### B. Public Interest Factors

As to the public interest factors, the Court first considers the enforceability of any judgment against Defendants. A judgment against Defendants would likely be routine in Pennsylvania, where Defendants allegedly performed the contracts at issue and where the equipment in question is located. A judgment against Defendants in this District, however, may prove more difficult to enforce given that Defendants have vigorously contended that they are not subject to personal jurisdiction in New Jersey. Without making any findings, having reviewed the allegations in the Complaint, the Court observes that the United States District Court for the Western District of Pennsylvania likely has personal jurisdiction over Defendants. Accordingly, this factor weighs somewhat in favor of transfer.

In addition, the practical considerations weigh in favor of transfer. Defendants have contested the issue of personal jurisdiction and proper venue before this Court and intend to file motions to dismiss in the event the Court does not transfer the case to the Western District of Pennsylvania. While Defendants may still file motions to dismiss in the Western District of Pennsylvania, the issues raised would certainly by streamlined by transfer. For example, Defendants' concerns regarding improper venue would be resolved upon transfer to the Western District of Pennsylvania. See 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."). Accordingly, as the case will be able to proceed more expeditiously if it is transferred, this factor weighs in favor of transfer to the Western District of Pennsylvania.

The parties have not submitted any statistics or made any arguments regarding the relative administrative difficulty in the two fora resulting from court congestion. While this Court is available to afford the parties their day in court as expeditiously as possible, the Court nonetheless notes that, according to the Federal Court Management Statistics Profile for the District of New Jersey, the median time from filing to

11

disposition of civil matters is 8.0 months and the median time from filing to trial in civil matters is 38.8 months, as of December 31, 2016.[2]  According to the same source, in the Western District of Pennsylvania, the median time from filing to disposition of civil matters is 6.3 months and the median time from filing to trial in civil matters is 33.3 months, as of December 31, 2016.  Thus, this factor weighs in favor of transfer to the Western District of Pennsylvania.

The Court also considers the local interest in deciding local controversies at home.  The only connection this matter has to this District is that one of the Plaintiffs is a New Jersey citizen.  The alleged conduct underlying Plaintiffs' claims, the performance of the contracts at issue, and the manipulators in question are rooted in Pennsylvania.  Clearly, Pennsylvania has a strong interest in regulating the conduct of companies contracting and operating within its borders.  As this matter revolves largely around interests based in Pennsylvania, the Court finds that Pennsylvania has a greater interest in deciding this dispute.  This factor weighs in favor of transfer.

The parties have not provided the Court with arguments regarding the public policies of either fora.  As the Court sees

---

[2] The Federal Court Management Statistics Profiles as of December 31, 2016 are available on the United States Courts' website: http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2016/12/31-1.

12

no reason why the relevant public policies of this District or the Western District of Pennsylvania would differ as to this matter, the Court considers this factor neutral.  Finally, the Court considers the familiarity of the trial judge with the applicable state law in diversity cases to be a neutral factor. Federal courts are generally well-equipped to apply the laws of other states and frequently do so in diversity cases.

### III.  CONCLUSION

In sum, the private and public factors weigh in favor of transfer.  Thus, on balance, the Court finds it appropriate to transfer this action to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a).[3]  An appropriate Order shall issue on this date.

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
UNITED STATES DISTRICT JUDGE

Dated: April 4, 2017

---

[3] Defendants have requested that this Court provide them with sufficient time to file their respective responses to the Complaint in its transfer order.  The Court will not set further deadlines in this matter given that the case will be transferred to another District Judge who is entitled to manage his or her docket as he or she sees fit.  Counsel may wish to renew their requests for additional time to file their responsive pleadings before the District Judge assigned to the matter in the Western District of Pennsylvania.  Nevertheless, the Court notes that, pursuant to its Individual Rules and Procedures I.A., the time within which Defendants must file a responsive pleading was tolled upon the filing of the pre-motion letters through the date of the entry of this Opinion and the accompanying Order.